RECEIVED
USDC. CLERK. CHARLESTON. SC

2009 MAR -3 P 2: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Clarence T. Fox, Jr.,                 )    C. A. No. 2:08-2431-GRA-RSC
                                      )
                                      )
            Plaintiff,                )
                                      )
         -versus-                     )    **REPORT AND RECOMMENDATION**
                                      )
Federal Bureau of Prisons,            )
Paul Gonzales, Katheryn Mack,         )
and Brenda Shell,                     )
                                      )
            Defendants.               )

This motion for a temporary restraining order and preliminary injunction is before the undersigned United States Magistrate Judge for a report with recommendations as provided for in Title 28, United States Code, Section 636(b), and the local rules of this court.

The plaintiff herein seeks a restraining order and temporary injunction prohibiting prison officials from placing him in the Special Housing Unit (SHU) without first contacting the warden and an assistant united states attorney.

The requirements for granting preliminary relief are well known. In <u>Direx Isreal, Ltd. v. Breakthrough Medical Corp</u>., 952 F.2d 802, 811 (4th Cir. 1991), the Fourth Circuit Court of Appeals outlined the precise analytical framework which courts must employ in determining whether to grant preliminary relief. First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court

denies his request.  Id. at 812-13.  Second, if the party

establishes irreparable harm, "the next step then for the court

to take is to balance the likelihood of irreparable harm to the

plaintiff from the failure to grant interim relief against the

likelihood of harm to the defendant from the grant of such

relief."  Direx Israel, 952 F.2d at 812.  Third, if the balance

tips decidedly in favor of the party requesting preliminary

relief, "a preliminary injunction will be granted if the

plaintiff has raised questions going to the merits so serious,

substantial, difficult, and doubtful, as to make them fair ground

for litigation and thus more deliberate investigation."  Id. at

813.  However, "if the balance does not tip decidedly there must

be a strong probability of success on the merits."  Id.  Fourth,

the court must evaluate whether the public interest favors

granting preliminary relief.  The award of preliminary relief is

entrusted to the sound discretion of the district court.  Id. at

811.  Multi-Channel TV Cable Company v. Charlottesville Quality

Cable Operating Company, 22 F.3d 546, 551 (4th Cir. 1994).

Here the plaintiff has failed to meet even the first of the

requirements for a temporary restraining order.  There is no

showing of irreparable harm, and even the plaintiff acknowledges

that he has remedial avenues if his rights are violated.  "These

procedures is not burdensome, and would not prejudice any party.

It would protect the plaintiff along with preventing future

2

litigation and retaliatory conduct." (Sic) ¶ 8 Plaintiff's Motion.

Preliminary relief is not designed to prevent "future litigation", but rather to prevent irreparable harm. As long as the plaintiff can obtain an adequate remedy for any harm through future litigation, no preliminary relief is warranted. Further, burdensomeness and prejudice are not the standards for applying Rule 65.

Accordingly, it is recommended that the motion be denied.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 3, 2009

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

4