IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence T. Fox, Jr., | C/A No. 0:08-2431-GRA-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Paul Gonzales, in his individual capacity;<br>Katheryn Mack, in her individual capacity;<br>Brenda Shell, in her individual capacity, | |
| Defendants. | |

The plaintiff, Clarence T. Fox, Jr. ("Fox"), a self-represented federal prisoner, filed this civil rights action against various Federal Bureau of Prisons employees assigned to the Federal Correctional Institution in Estill, South Carolina. Fox seeks damages based on his assertion that the defendants, in retaliation for Fox's filing of administrative grievances and civil lawsuits, falsely charged him with disciplinary infractions, which resulted in his placement in the Specialized Housing Unit ("SHU").

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 79.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Fox of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 80.) Fox filed a motion to strike the defendants' motion for summary judgment. (Docket Entry 82.) Fox's motion was denied by text order (Docket Entry 83) and Fox was again advised pursuant to Roseboro to respond to the defendants' motion (Docket Entry 84). Fox filed a response in opposition to the defendants' motion. (Docket Entry 89.) The

defendants filed a reply (Docket Entry 91) and Fox filed a sur-reply (Docket Entry 92).¹ This motion is now before the court for a Report and Recommendation.

## BACKGROUND

On Tuesday, May 29, 2007, Defendant Shell discovered Fox in the inmate law library during an administrative census count. Electronic records indicated that Fox was supposed to be on his work assignment at that time. After confirming that information, the defendants caused an incident report to be issued to Fox for being in an unauthorized area. Fox maintained that it was his scheduled day off. The record indicates that this incident report was informally resolved based on Fox's agreement to perform an extra day of duty in lieu of receiving a disciplinary infraction. The record further indicates that when Fox failed to appear to perform his extra duty day, he received another incident report for lying about his work schedule. At that time, Fox was placed in the SHU. Fox alleges that these actions were all taken to prevent Fox from filing grievances and lawsuits and as punishment for exercising his First Amendment rights.² Ultimately, both incident reports were expunged following a hearing in which Fox's work supervisor testified that the internal records were not updated, that Fox was in fact off duty on May 29, 2007, and that he did not lie about his work schedule.

---

¹ The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." However, even considering Fox's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant summary judgment.

² To the extent that the defendants' motion addresses other claims which they conjecture that Fox may be attempting to assert, the court finds that such claims do not meet the applicable pleading standard and are not properly before the court. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").



# DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

*PJG*

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Timeliness**

Fox rests his opposition to the defendants' motion for summary judgment solely on his contention that the motion was untimely filed. This argument, however, has been previously made to the court and rejected. (See Mot. Strike Defs.' Mot. Summ. J., Docket Entry 82; Order of the Hon. Robert S. Carr, Docket Entry 83.)³ Fox did not file objections to Judge Carr's denial of his motion to strike the defendants' motion for summary judgment in accordance with 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. Accordingly, Fox is now precluded from assigning error to that order. Rule 72(a), FRCP; see also Caidor v. Onondaga County, 517 F.3d 601 (2d Cir. 2008) (holding that the failure to timely object to a magistrate judge's order on a non-dispositive matter operates as a waiver of any further judicial review under Rule 72(a)). Moreover, the Federal Magistrates Act and related rules do not contemplate review of a magistrate judge's order by another magistrate judge. See generally Pub. L. No. 90-578, 82 Stat. 1107 (codified as amended at 18 U.S.C. §§ 3401-3402, 3060, 28 U.S.C. §§ 604, 631-639); Rules 72-73, FRCP.

---

³ This matter was previously assigned to the Honorable Robert S. Carr, United States Magistrate Judge, and was re-assigned for administrative purposes to the undersigned magistrate judge on August 28, 2009. The Honorable G. Ross Anderson, Jr. has been the assigned district judge since the filing of the Complaint.

C.  Merits

As stated above, Fox does not address the substance of the defendants' motion for summary judgment.  Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted.

As an initial matter, the defendants contend that they are entitled to qualified immunity.  The court agrees.  In determining whether a defendant is entitled to qualified immunity, a court must decide (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right and (2) whether that right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").  However, "judges of the district courts and the courts of appeals [are] permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson, 129 S. Ct. at 818.  As discussed below,  Fox has made no showing that the defendants' conduct violated a clearly established constitutional right. Accordingly, the defendants are entitled to qualified immunity.

The United States Court of Appeals for the Fourth Circuit has observed that "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct."  Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).  Accordingly, "[c]laims of

PJG

retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs . . . ." Id. To be viable, a retaliation claim must implicate some constitutional right. A plaintiff must allege "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75.

Here, the retaliatory act allegedly taken by the defendants is falsely writing up Fox for disciplinary infractions. Such an act alone does not implicate a constitutional right. Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002); see also Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that the filing of unfounded or false charges does not amount to a constitutional violation actionable under § 1983 so long as the inmate was provided with due process to rebut the unfounded or false charges); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status [a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.") (internal quotations and citations omitted); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (holding that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest").

Fox does allege that the false charges were made in retaliation for his filing of administrative grievances and lawsuits. As to the grievances, no constitutional right is implicated. Adams, 40 F.3d at 75. With regard to the lawsuits, factual allegations demonstrating that the prison officials retaliated against an inmate because he filed lawsuits could implicate his First Amendment right to access to the courts. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). However, to prevail on such a claim, Fox must do more than assert conclusory allegations of retaliation. Adams,

*PJG*

40 F.3d at 74-75 (holding that bare assertions of retaliation do not establish a claim of constitutional dimension). Further, the Fourth Circuit has made clear that a prisoner claiming retaliation must allege sufficient facts to indicate that the alleged retaliation resulted in some adverse impact to his right of access to the courts. See Am. Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993); Talbert v. Hinkle, 961 F. Supp. 904, 911 (E.D. Va. 1997). Fox has failed to allege any adversity as required to establish a claim for retaliation under the First Amendment. See Wicomico, 999 F.2d at 785-86; (Fox Dep. at 108-109, Docket Entry 79-18 at 88-89) (showing that Fox missed no deadlines or suffered any adverse impact to his access to the courts while in SHU). Accordingly, all of the defendants are entitled to summary judgment on Fox's retaliation claim.

Moreover, no reasonable jury could find based on the evidence in this record that Defendants Gonzales and Shell were even aware of Fox's prior lawsuits. (Decl. of Brenda Shell, Docket Entry 79-8 at 4; Decl. of Paul Gonzales, Docket Entry 79-9 at 4.) Fox's attempt to impute knowledge of his past grievances and lawsuits to all prison employees constitutes the type of conclusory allegations that the law does not permit to go forward to trial. (Fox Dep. at 29-32; Docket Entry 79-18 at 9-12); Adams, 40 F.3d at 74-75 (holding that bare assertions of retaliation do not establish a claim of constitutional dimension); Wicomico, 999 F.2d 780 at 785 (stating that conclusory allegations of retaliation are insufficient to support a claim or establish the necessary element of adversity). Accordingly, as to Defendants Shell and Gonzales, Fox cannot show that his grievances and lawsuits were the cause for the incident reports, and therefore cannot establish retaliation. Talbert, 961 F. Supp. at 911.

## RECOMMENDATION

All of the defendants are entitled to qualified immunity because Fox has not shown a deprivation of a constitutional right. Moreover, his claims against Defendants Shell and Gonzales fail because no reasonable jury could find based on this record that Fox's previous grievances and lawsuits caused Shell and Gonzales to institute the disciplinary charges of which Fox complains. The court therefore recommends that the defendants' motion for summary judgment (Docket Entry 79) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 5, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).