UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clarence T. Fox, Jr., | ) | |
| | ) | C/A No.:0:08-cv-2431-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Paul Gonzales, in his individual capacity; | ) | |
| Katheryn Mack, in her individual capacity; | ) | |
| Brenda Shell, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court to review Magistrate Judge Gossett's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on January 5, 2010. Defendants' filed the Motion for Summary Judgment on August 17, 2009. Plaintiff filed a Motion to Strike, which Magistrate Judge Carr denied without a written order.[1] Plaintiff then filed a Response in Opposition, Defendants filed a Reply, and Plaintiff filed a sur-reply. Magistrate Judge Gossett now recommends that Defendant's Motion be GRANTED. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

---

[1]This matter was originally assigned to the Honorable Robert S. Carr, United States Magistrate Judge, and was re-assigned for administrative purposes to Magistrate Judge Gossett on August 28, 2009. The undersigned has been the assigned district judge since the filing of the Complaint.

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff filed objections on January 3, 2010. Plaintiff's first objection is that the magistrate's recommendation that his argument is untimely and had been previously made to the court and rejected is incorrect as a matter of law. Plaintiff argued, in his Response in Opposition, that Defendants' Motion for Summary Judgement was untimely filed. However, the magistrate was correct in her analysis. Plaintiff made this same argument in his Motion to Strike Defendants' Motion for Summary Judgment and the magistrate denied that motion, but filed no written order. Plaintiff chose not to file any objections to that denial, which he is entitled to do pursuant to Federal Rule of Civil Procedure 72(a). Having missed this opportunity, Plaintiff cannot now, almost five months later, come before this Court to object. *See U.S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Even if this Court were to construe this particular objection as an objection to the magistrate's denial of Plaintiff's Motion to Strike, Plaintiff's objection still lacks merit, as it is not a timely objection. *See* Fed. R. Civ. P. 72(a).

Plaintiff's second objection also lacks merit. It merely reargues exactly what is found in Plaintiff's Response in Opposition. Therefore, this Court does not need to address it.

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate

applied sound legal principles to the facts of this case. Therefore, this court adopts it in its entirety.

      IT IS ORDERED that Defendants' Motion for Summary Judgment is granted.

      IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

January  27 , 2010
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**