UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clarence T. Fox, Jr., ) | | |
| ) | No.: 0:08-cv-02431-GRA | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| Paul Gonzales, in his individual capacity, ) | | |
| Katheryn Mack, in her individual ) | | |
| capacity, ) | | |
| Brenda Shell, in her individual capacity, ) | | |
| ) | | |
| Respondents. ) | | |
| _____ ) | | |

This matter comes before the Court on Petitioner's Motion to Amend or Correct this Court's January 27, 2010 Order which granted Respondents' Motion for Summary Judgment. Petitioner filed this motion on February 4, 2010. Respondents filed a Response in Opposition to Petitioner's motion on February 22, 2010.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Petitioner is essentially asking for this Court to reconsider its decision pursuant to Federal Rule of Civil Procedure 59(e). The Fourth Circuit recognizes only three limited grounds for a District Court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented," *Keyes v. National R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D. Pa. 1991); and "cannot be used to raise arguments which could, and should, have been made before the judgment issued," *F.D.I.C. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); or to submit evidence which should have been previously submitted. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). Petitioner has failed to meet this burden.

After a review of the record, this Court finds that its prior decision was and is correct as a matter of law. Consequently, this Court must deny Petitioner's Motion.

IT IS THEREFORE ORDERED that Petitioner's Motion to Amend is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  5 , 2010
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within fourteen (14) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**